# Day v. Shiver et al.

## Bill in Equity to reform Mortgage.

1. *Mortgage by wife to secure debt of husband void; bill to reform such mortgage can not be maintained.*—A mortgage given by a wife, in which her husband joins, upon her land, to secure an indebtedness of the husband, is void; and a bill filed seeking to reform such mortgage in the matter of the description of the land sought to be conveyed therein, asks for a vain and useless thing and should be dismissed.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellant, H. M. Day as constituting the firm of H. M. Day & Co., for the purpose of reforming and enforcing a mortgage executed by the appellee, Shady Shiver, and her husband, J. J. Shiver. It was averred in the bill that in writing said bill the draughtsman made a mistake in the description of the land which was intended to be conveyed under said mortgage, in that said lands were described as the N. W. 1-4 of the S. E. 1-4 of section 26, township 8, range 22, when they should have been described as the N. W. 1-4 of the S. E. 1-4 of section 25, township 8, range 22; that the N. W. 1-4 of the S. E. 1-4 of section 25, township 8, range 22, were the only lands owned by the mortgagors at the time of the execution of said mortgage, and that it was the intention of the parties that said lands should be described and conveyed in said mortgage. In their answer to the bill the defendants set up that the debt for which the mortgage was given to secure, was an indebtedness of J. J. Shiver, the husband of Shady Shiver; that Shady Shiver was not indebted to H. M. Day or H. M. Day & Co.; that the lands intended to be conveyed in said mortgage were

the property of Shady Shiver the wife of J. J. Shiver, and that said mortgage was given to secure the debt of the husband.

There was attached as an exhibit to the deposition of Shady Shiver, a deed from J. F. Simmons and L. H. Simmons conveying to Mrs. J. J. Shiver the N. W. 1-4 of the S. E. 1-4 section 25, township 8, range 22. This deed, omitting the heading and the signature, was in words and figures as follows: "Know all men by these presents, that J. F. Simmons and wife, L. H. Simmons, for and in consideration of ($200) two huidred dollars to us in hand paid by Mrs. J. J. Shiver, the receipt whereof we do hereby acknowledge, do hereby grant, bargain, sell, enfeoff and confirm and convey unto the said J. J. Shiver the following described real estate lying in the county of Pike, State of Alabama, to-wit: N. W. 1-4 of S. E. 1-4 Sec. 25, Township 8, Range 22, containing 40 acres more or less. To have and to hold the aforegranted premises to the said J. J. Shiver, her heirs and assigns forever. And we do covenant with the said J. J. Shiver, her heirs and assigns, that we are lawfully seized in fee of the foregranted premises; that it is free from all encumbrances; that we have a good right to sell and convey the same to the said J. J. Shiver, her heirs and assigns; that we will warrant and defend the premises to the said J. J. Shiver, her heirs and assigns forever, against the lawful claims and demands of all persons."

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered his bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

FOSTER, SAMFORD & CARROLL, for appellant, cited, *Amer. F. L. Co. v. Thornton*, 108 Ala. 258.

G. J. HUBBARD and D. A. BAKER, *contra*, cited, Code § 2520; *McCrary v. Williams*, 127 Ala. 251.

[Chamberlain v. Mobile Fish & Oyster Company.]

McCLELLAN, C. J.—A careful consideration of the evidence in this case leads us to the conclusion reached by the chancellor, viz.: that the debt attempted to be secured by the mortgage of Mrs. Shady Shiver's land was not her debt but that of J. J. Shiver, her husband.

There is no merit in the suggestion that the deed under which Mrs. Shiver claims the land vests title not in her but in her husband. The instrument recites the receipt of the consideration from "Mrs. J. J. Shiver." The granting clause is to "*said* J. J. Shiver," i. e. the *Mrs.* J. J. Shiver before mentioned. The *habendum* is "to the *said* J. J. Shiver and *her* heirs," etc. And the covenants are with *the said* J. J. Shiver and *her* heirs, etc. There is no difficulty in construing this conveyance to be to the wife of J. J. Shiver, Mrs. Shady Shiver.

The mortgage of the wife's land to secure the husband's debt being void, it were a vain and useless thing to reform it in the matter of description of its subject matter; and the chancellor properly denied the relief prayed and dismissed the bill.

Affirmed.